# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MELISSA ALELE,

 Plaintiff

v.

GEICO GENERAL INSURANCE COMPANY, et al.,

 Defendants

Case No.: 2:18-cv-01757-APG-CWH

**Order Granting Motion to Dismiss and Denying Motion to Stay**

[ECF Nos. 8, 9]

 Melissa Alele sued her insurer, Geico General Insurance Company, in state court alleging three causes of action arising out of Geico's valuation of her injuries from a car accident. Geico removed the case to this court and moved to dismiss two of the three counts. Because Alele's complaint lacks sufficient facts to state a claim for those two counts, I dismiss them without prejudice.

## I. BACKGROUND

 Alele alleges that she was injured in a car accident in August 2016.[1] The accident was caused by another driver, who is not a party to this lawsuit.[2] The complaint implies—without explicitly alleging—that the other driver did not have sufficient coverage to fully compensate Alele for her injuries, so she submitted a claim to Geico, which Geico denied.[3]

 Alele sues Geico for (1) breach of contract, (2) violation of Nevada's Unfair Claims Practices Act, and (3) breach of the covenant of good faith and fair dealing. Geico moves to

---

[1] ECF No. 1-1 at 4.
[2] *Id.*
[3] *Id.* at 4–6.

dismiss counts two and three for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[4] In the alternative, Geico moves to sever these counts and stay them until the breach-of-contract claim is fully adjudicated.[5]

## II. LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[6] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[7] The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."[8] "Factual allegations must be enough to rise above the speculative level."[9] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[10]

District courts must apply a two-step approach when considering motions to dismiss.[11] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[12] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[13] Mere

---

[4] ECF No. 8.
[5] ECF No. 9.
[6] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[8] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).
[9] *Twombly*, 550 U.S. at 555.
[10] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[11] *Id.* at 679.
[12] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[13] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.

recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[14] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[15] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[16] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[17] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[18] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[19]

## III. ANALYSIS

### A. Violation of the Unfair Claims Practices Act

Under Nevada Revised Statutes § 686A.310, an insurer is liable for damages if it engages in any of various enumerated acts. Alele's complaint asserts that "Geico's actions were in violation of provisions of" § 686A.310 et seq.[20] But Alele does not specify which subsection of § 686A.310 Geico allegedly violated or allege any specific facts about Geico's conduct that

---

[14] *Iqbal*, 556 U.S. at 678.
[15] *Id.* at 679.
[16] *Id.* at 663.
[17] *Id.* at 679 (internal quotation marks and citation omitted).
[18] *Twombly*, 550 U.S. at 570.
[19] *Iqbal*, 556 U.S. at 679.
[20] ECF No. 1-1 at 5.

3

amounts to a violation of the statute. I therefore dismiss Alele's second cause of action for violations of § 686A.310 without prejudice.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution."[21] "The implied covenants of good faith and fair dealing impose a burden that requires each party to a contract to refrain from doing anything to injure the right of the other to receive the benefits of the agreement."[22] "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'"[23] To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying the benefits of the policy."[24] In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actional tort unless there was no reasonable basis for that determination.[25]

Alele alleges only that Geico "failed to deal fairly and in good faith with Plaintiff by denying, without proper cause, Plaintiff's UIM benefits due under the policy."[26] Her complaint lacks allegations that Geico denied coverage with an actual or implied awareness that there was

---

[21] *A.C. Shaw Constr. v. Washoe Cty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205)); *see also Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007) ("It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing, which prohibits arbitrary or unfair actions by one party that work to the disadvantage of the other.").

[22] *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1251 (D. Nev. 2016) (quotation omitted).

[23] *Pioneer Chlor Alkali Co., Inc. v. Nat'l Union Fire Ins. Co.*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)).

[24] *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354 (Nev. 1986).

[25] *Pioneer*, 863 F. Supp at 1242.

[26] ECF No. 1-1 at 6.

no reasonable basis supporting its decision. Her formulaic recitation of the elements of this cause of action is insufficient to state a claim. While Alele raises additional facts in her response to Geico's motion to dismiss that are relevant to this claim, I am limited to the face of the complaint in ruling on this motion.[27] I therefore dismiss Alele's third cause of action without prejudice.

### C. Bifurcation

Geico requests that I bifurcate the unfair-practices and bad-faith claims in counts two and three for discovery as well as trial, and that I stay these claims until the underlying breach-of-contract claim is resolved.[28] Alele responds that this request is best made after the close of discovery and before trial.[29] She contends that it would be more efficient and convenient to proceed with all her claims together.[30] In reply, Geico stresses the fact that Alele's claim for bad faith will fail as a matter of law if she does not recover on the breach-of-contract claim, rendering any action on the extracontractual claims superfluous.[31]

Federal Rule of Civil Procedure 42(b) authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice.[32] The decision to bifurcate is committed to the trial court's discretion.[33] Bifurcation is particularly appropriate when resolution of a single claim

---

[27] *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).
[28] ECF No. 8 at 12–15.
[29] ECF No. 14 at 7.
[30] *Id.* at 8.
[31] ECF No. 15 at 6–7.
[32] Fed. R. Civ. P. 42(b).
[33] *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

5

or issue could be dispositive of the entire case.[34]  "However, bifurcation of the trial does not necessarily require bifurcation of discovery."[35]

Bifurcation of discovery is not warranted in this case.  Alele's claims are intertwined and separating discovery would unnecessarily prolong the process and waste judicial resources supervising two phases of discovery.  I also decline to bifurcate the trial at this time.  Bifurcating the claims for trial would require the parties to present much of the same evidence twice, have witnesses testify twice, make many of the same arguments twice, and pay the cost of litigation twice.  Any concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments.[36]

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Geico's motion to dismiss **(ECF No. 8) is GRANTED**.  Counts two and three are dismissed without prejudice.

IT IS FURTHER ORDERED that Alele may file an amended complaint, consistent with this order, within 21 days of entry of this order.

IT IS FURTHER ORDERED that Geico's motion to sever and stay Alele's extracontractual claims **(ECF No. 9) is DENIED**.

DATED this 10th day of May, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[34] *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005) (citing *O'Malley v. United States Fid. & Guar. Co.*, 776 F.2d 494, 501 (5th Cir. 1985)).

[35] *Id.*

[36] *See Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3613875, at *7 (D. Nev. Sept. 8, 2010).

6